EFILED IN OFFICE
CLERK OF SUPERIOR COURT
HABERSHAM COUNTY, GEORGIA
**18CV0454**
RUSSELL W. SMITH
SEP 27, 2018 11:31 AM

David Wall, Clerk
Habersham County, Georgia

IN THE SUPERIOR COURT OF HABERSHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DR. ROBERT H. WAINBERG, | |
| Plaintiff, | |
| v. | Civil Action File No: 18CV0454 |
| PIEDMONT COLLEGE, | |
| Defendant. | |

## DEFENSES AND ANSWER OF PIEDMONT COLLEGE

COMES NOW Piedmont College, (hereinafter "Defendant"), Defendant in the above-styled civil action, and responds with these Defenses and Answer to Plaintiff's Complaint for Damages Concerning Breach of Contract and Breach of Implied Duty of Good Faith and Fair Dealing as follows:

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted. Defendant specifically incorporates herein its *Motion to Dismiss Plaintiff's Complaint for Damages Concerning Breach of Contract and Breach of Implied Duty of Good Faith and Fair Dealing* that is filed contemporaneously with this *Defenses and Answer of Piedmont College.*

### SECOND DEFENSE

Plaintiff's claims are barred because Defendant acted at all times pursuant to the contract, if any, between it and Plaintiff.

### THIRD DEFENSE

Plaintiff's claims are barred because Defendant did not breach any duty owed to Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims should be dismissed because Plaintiff's own conduct proximately caused his alleged damages.

## FIFTH DEFENSE

Pending further investigation and discovery, the relief sought by Plaintiff's Complaint is or may be barred by the doctrine of failure of consideration.

## SIXTH DEFENSE

Plaintiff's claims may be barred for failure to comply with a condition precedent to the contract and/or a condition precedent to the relief sought.

## SEVENTH DEFENSE

Plaintiff's claims against Defendant may be barred by Plaintiff's failure to comply with his contract, if any, with Defendant and/or a breach of such contract.

## EIGHTH DEFENSE

Plaintiff's claims against Defendant may be barred by the doctrine of waiver.

## NINTH DEFENSE

Plaintiff's claims against Defendant may be barred by the doctrine of estoppel.

## TENTH DEFENSE

Plaintiff's claims may be barred by the doctrine of release.

## ELEVENTH DEFENSE

Plaintiff's claims for damages are barred to the extent that Plaintiff failed to exercise reasonable efforts to mitigate any damages that he may have suffered.

## TWELFTH DEFENSE

Plaintiff's claim for damages should be reduced to the extent he has obtained mitigation of such damages.

## THIRTEENTH DEFENSE

Plaintiff's Complaint fails to state an appropriate cause of action for the imposition of attorney's fees and/or expenses of litigation against Defendant.

## FOURTEENTH DEFENSE

Defendant denies that it is subject to any award of punitive damages in this case, but shows that any award of punitive damages is limited by the cap imposed by O.C.G.A. § 51-12-5.1.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails to state a cause of action for punitive damages against this Defendant and there is not evidence sufficient to create a jury issue on punitive damages against this Defendant. As a defense to Plaintiff' claims for punitive damages, however, this Defendant also states that any such claim and/or award pursuant to O.C.G.A. § 51-12-5.1 should be denied on the grounds that it would violate the guarantees of the Eighth Amendment to the United States Constitution against excessive fines and penalties and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 17), the substantive and procedural due process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 1), and the equal protection guarantees of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia (Article 1, Section 1, Paragraph 2) for the following reasons, among others:

1. The statute and the court decisions interpreting the statute fail to notify individuals of the nature of the offense for which they may be liable for punitive damages, and fail to limit the award of punitive damages to the degree of reprehensibility of the Defendant's misconduct;

2. The statute and the court decisions interpreting the statute fail to adequately

inform or instruct judges and juries of the nature of the offenses for which punitive damages can be awarded;

3. The statute and the court decisions interpreting the statute fail to provide any constitutional standard or means of calculating the amount of punitive damages to be awarded;

4. The statute and the court decisions interpreting the statute allow persons to repeatedly be put in jeopardy of paying for the same offense;

5. To the extent the award of punitive damages are criminal or quasi-criminal in nature, they are not awarded upon proof beyond a reasonable doubt, contrary to due process of law;

6. The statute and the court decisions interpreting the statute permit the award of excessive punitive damages without relationship to the public safety, health or welfare said to be served by punitive damages;

7. The statute and the court decisions interpreting the statute permit the trier of fact to consider the Defendant's net worth, wealth or financial condition in awarding punitive damages or in calculating such an award;

8. The statute and the court decisions interpreting the statute fail to provide adequate post-verdict processes and standards for review by the trial court and also fail to provide adequate appellate review procedures so as to adequately protect due process rights;

9. The statute and the court decisions interpreting the statute permit the award of punitive damages without reasonable relationship to the civil or criminal penalties that could be imposed for comparable misconduct in other cases;

10. The statute and the court decisions interpreting these statutes fail to limit the award of punitive damages to criminal or intentional behavior.

11. The statute and the court decisions interpreting the statute fail to limit the award of punitive damages to what is reasonably required to vindicate this State's legitimate interests in punishment and deterrence for conduct having an impact on the citizens of Georgia;

12. The statute and the court decisions interpreting the statute fail to ensure the award of punitive damages is both reasonable and proportional to the amount of harm to the Plaintiff and to the general damages recovered;

13. The statute and the court decisions interpreting the statute do not give cognizance to the comparability of the award to awards in other, similar cases;

14. The statute and the court decisions interpreting the statute do not provide notice of or means of ascertaining whether, or in what amount, this Defendant might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice is compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject this Defendant to punitive damages or as to the potential amount of such an award;

15. The statute and the court decisions interpreting the statute do not provide adequate substantive and procedural safeguards consistent with the criteria set forth in *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990); *Matthews v. Eldridge*, 424 U.S. 319 (1976), as to the imposition of a punitive award;

16. The statute and the court decisions interpreting the statute provide a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed

punishable at the time the conduct occurred;

17. The statute and the court decisions interpreting the statute do not expressly prohibit an award of punitive damages, or a determination of the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant;

18. The statute and the court decisions interpreting the statute do not adequately instruct on the limits on punitive damages imposed by the applicable principles of deterrence and punishment.

## SIXTEENTH DEFENSE

Defenses asserted herein are based upon the initial theories of defense counsel. Defendant specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## SEVENTEENTH DEFENSE

This Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

### INTRODUCTION

Defendant objects to the unnumbered section of Plaintiff's Complaint entitled "Introduction" on the grounds that it is immaterial, impertinent, and scandalous within the meaning of O.C.G.A. § 9-11-12(c) and does not contain any factual allegation to which a response is required. Plaintiff's Introduction is comprised of entirely irrelevant and baseless allegations, which are included solely to harm and defame Defendant, its officers, directors and employees. To the extent a response is required to Plaintiff's Introduction, this Defendant denies any averments of misconduct, express or implied, against this Defendant, its officers, directors or employees.

## CLAIMS, JURISDICTION, AND VENUE

1.

Defendant denies that Plaintiff is entitled to recover the relief described in Paragraph 1 of Plaintiff's Complaint.  Therefore, Defendant denies the allegations contained in Paragraph 1.

2.

The allegations contained in Paragraph 2 of the Complaint consist solely of assertions of law, unsupported by sufficient factual allegations to support the plausibility thereof, which Defendant is not required to admit or deny, and therefore stand denied.

3.

The allegations contained in Paragraph 3 of the Complaint consist solely of assertions of law, unsupported by sufficient factual allegations to support the plausibility thereof, which Defendant is not required to admit or deny, and therefore stand denied.

4.

The allegations contained in Paragraph 4 of the Complaint consist solely of assertions of law, unsupported by sufficient factual allegations to support the plausibility thereof, which Defendant is not required to admit or deny, and therefore stand denied.

## PARTIES

5.

Defendant admits that Plaintiff was an employee of Piedmont College from 1988 to 2018. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint regarding Plaintiff's current residence and, therefore, can neither admit nor deny same.

6.

Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

**FACTS GIVING RISE TO THE COMPLAINT**

7.

Defendant admits that it hired Plaintiff as an Assistant Professor of Biology in 1988. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

8.

In response to Paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff has received various awards and recognitions during his teaching career, but is without knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

9.

Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

In response to Paragraph 10 of Plaintiff's Complaint, Defendant admits that during his employment at Piedmont College, Plaintiff received certain honors and grants, and served on various committees.  The remaining allegations contained in Paragraph 10 of Plaintiff's Complaint consist solely of self-serving and self-laudatory adjectives, rather than material factual allegations.  Therefore, such statements are denied.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

13.

a.  Defendant denies the allegations contained in Paragraph 13(a) of Plaintiff's Complaint.

b.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13(b) of Plaintiff's Complaint and, therefore, can neither admit nor deny same.  To the extent Plaintiff alleges or implies misconduct as to Defendant, including that Defendant ordered the Mayor of Demorest to write a bad review against Plaintiff, these allegations are denied.

c.  Defendant admits that Gus Arrendale has served and continues to serve as Chairman of the Board of Piedmont College.  Defendant denies the remaining allegations contained in Paragraph 13(c) of Plaintiff's Complaint.

d.  Defendant denies the allegations contained in Paragraph 13(d) of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies that Paragraph 17 of Plaintiff's Complaint is a complete and/or accurate description of the purpose or principles of tenure.  Therefore, Defendant denies the allegations contained in Paragraph 17 as worded by the Plaintiff.

18.

Defendant denies that Paragraph 18 of Plaintiff's Complaint is a complete and/or accurate description of the purpose or principles of tenure.  By way of further response, Defendant expressly denies any allegations of wrongdoing, misconduct or breach of contract against it.

19.

In response to Paragraph 19 of Plaintiff's Complaint, Defendant admits that it appointed Dr. James Mellichamp to serve as President of Piedmont College in 2013.  Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

In response to Paragraph 24 of Plaintiff's Complaint, Defendant admits that it received multiple complaints from students alleging violations of Title IX of the Education Amendments Act of 1972 by Plaintiff. Defendant denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

In response to Paragraph 25 of Plaintiff's Complaint, Defendant admits that Plaintiff is a biology professor who teaches sexual reproduction and human biological processes in his classes. Defendant also admits that Plaintiff uses students as examples in his classroom anecdotes related to sexual issues, and that Plaintiff acknowledged doing so. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint. Defendant further avers that Plaintiff's sexual orientation is wholly immaterial and irrelevant to any alleged claim in his Complaint.

26.

a.   In response to Paragraph 26(a) of Plaintiff's Complaint, Defendant admits that it received complaints from students regarding Plaintiff's using students as examples in his classroom anecdotes related to sexual issues, and that Plaintiff acknowledged doing so. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26(a) of Plaintiff's Complaint. Therefore, they stand denied.

b.  In response to Paragraph 26(b) of Plaintiff's Complaint, Defendant admits that it received complaints from students regarding Plaintiff's using students as examples in his classroom anecdotes related to sexual issues, and that Plaintiff acknowledged doing so. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26(b) of Plaintiff's Complaint. Therefore, they stand denied.

c.  In response to Paragraph 26(c) of Plaintiff's Complaint, Defendant admits that it received complaints from students regarding Plaintiff's using students as examples in his classroom anecdotes related to sexual issues, and that Plaintiff acknowledged doing so. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26(c) of Plaintiff's Complaint. Therefore, they stand denied.

27.

In response to Paragraph 27 of Plaintiff's Complaint, Defendant admits that Plaintiff is a biology teacher who teaches human biology, biochemistry, cell biology, microbiology, physiology, genetics, sexual reproduction and other aspects of biology. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint, but avers that Plaintiff's effort to be entertaining does not excuse his inappropriate references to students in hypothetical sexual scenarios. The remaining allegations in Paragraph 27 of Plaintiff's Complaint not specifically addressed herein stand denied.

28.

In response to the allegations contained in Paragraph 28 of Plaintiff's Complaint,

Defendant avers that such allegations are wholly immaterial, impertinent, and scandalous and have no relevance to Plaintiff's alleged breach of contract claim or other alleged claims. Defendant denies and moves to strike the allegations in Paragraph 28 of Plaintiff's Complaint pursuant to O.C.G.A. § 9-11-12(c).

29.

Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint, including subparagraphs a. through p.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint and, therefore, can neither admit nor deny same.

39.

With respect to the allegations contained Paragraph 39 of Plaintiff's Complaint, this Defendant denies any allegation(s) of wrongdoing, misconduct, or breach of contract against it and further denies that it is liable to Plaintiff for any amount whatsoever. Therefore, Defendant denies all allegations contained in Paragraph 39 of Plaintiff's Complaint, including subparagraphs a. and b. as worded by the Plaintiff.

## COUNT I

## BREACH OF CONTRACT

By this reference, Defendant hereby incorporates by reference its responses to each of the individually enumerated paragraphs of Plaintiff's Complaint as if fully set forth herein.

40.

In response to Paragraph 40 of Plaintiff's Complaint, Defendant admits that Plaintiff was employed by Defendant.  However, Defendant denies that the allegations contained in Paragraph 40 of Plaintiff's Complaint are a complete and/or accurate description of Plaintiff's employment arrangement with Defendant.  Therefore, this Defendant denies the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint as pled.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## COUNT II

## VIOALATION OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

By this reference, Defendant hereby incorporates by reference its responses to each of the individually enumerated paragraphs of Plaintiff's Complaint as if fully set forth herein.

43.

In response to the allegations contained in Paragraph 43 of Plaintiff's Complaint, Defendant admits that Defendant and Plaintiff entered into a contract, but denies that Plaintiff's Complaint attaches such contract or identifies any relevant terms thereof.

44.

Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

## PUNITIVES

By this reference, Defendant hereby incorporates by reference its responses to each of the individually enumerated paragraphs of Plaintiff's Complaint as if fully set forth herein.

47.

Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

## ATTORNEY FEES

By this reference, Defendant hereby incorporates by reference its responses to each of the

individually enumerated paragraphs of Plaintiff's Complaint as if fully set forth herein.

48.

Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

**PRAYERS FOR RELIEF**

49.

With respect to the allegations contained in the last paragraph of Plaintiff's Complaint immediately following the word "Wherefore," including subparts 1 through 6, Defendant denies any allegation(s) of wrongdoing, misconduct, or breach of conduct and further denies that it is liable to Plaintiff for any amount whatsoever.

50.

Any allegations of Plaintiff's Complaint not heretofore responded to are denied.

WHEREFORE, having fully answered, Defendant prays for judgment in its favor.

**THIS DEFENDANT DEMANDS TRIAL BY TWELVE PERSON JURY IN THE EVENT THAT ANY ISSUES REQUIRE JURY DETERMINATION.**

Respectfully submitted this 27th day of September, 2018.

DREW ECKL & FARNHAM, LLP

*s/Barbara A. Marschalk*
Joseph C. Chancey, **GA Bar No. 120520**
Barbara A. Marschalk, **GA Bar No. 324498**
Sonya T. Jacobs, **GA Bar No. 380006**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: jchancey@deflaw.com
E-mail: bmarschalk@deflaw.com
E-mail: sjacobs@deflaw.com
***Attorneys for Defendant Piedmont College***
8173442/1
00120-134334

IN THE SUPERIOR COURT OF HABERSHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DR. ROBERT H. WAINBERG, | |
| Plaintiff, | |
| v. | Civil Action File No: 18CV0454 |
| PIEDMONT COLLEGE, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendant, and that I have this day filed the forgoing *DEFENSES AND ANSWER OF PIEDMONT COLLEGE* with the Clerk of the Superior Court of Habersham County using the PeachCourt e-filing system, and that, pursuant to O.C.G.A. §9-11-5(f)(1)(B), I have electronically served a true and correct copy upon the following counsel of record:

Julie Oinonen
Julie@goodgeorgialawyer.com
Williams Oinonen LLC
44 Broad Street, NW, Suite 200
Atlanta, GA 30303

This 27th day of September, 2018.

DREW ECKL & FARNHAM, LLP

*s/Barbara A. Marshalk*
Barbara A. Marschalk, *GA Bar No. 324498*

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: jchancey@deflaw.com
E-mail: bmarschalk@deflaw.com
E-mail: sjacobs@deflaw.com
**Attorneys for Defendant Piedmont College**
8173442/1
00120-134334